RICHARD C. ANNETT, PLAINTIFF, v. WILLIAM W. VAUGHAN, DEFENDANT.

Decided December 17, 1931.

Before LAWRENCE, Circuit Court judge.

For the rule, *Harold McDermott* and *Charles L. Carrick.*

*Contra, Applegate, Stevens, Foster & Reussille (Lester C. Leonard,* of counsel).

LAWRENCE, C. C. J. I find myself in a rather anomalous situation as to the disposition of the rule to show cause in this case, due to a circumstance evidently not in contemplation of the framer of the act which was passed by the legislature, approved April 28th, 1931, and now known as chapter 356 of the session laws. *Pamph. L., p.* 874. The act provides that when a rule to show cause why a new trial should not be granted is allowed by the Circuit Court judge before whom the trial of a Supreme Court issue has been held, the hearing on the rule shall be had before such Circuit Court judge, and the judgment shall be entered upon his decision in the same manner and with like effect as if rendered by the Supreme Court.

The circumstance to which I refer is this: when this suit, which involves an action in ejectment, was reached for trial at the Monmouth Circuit, it was submitted to me as the trial judge, without a jury, by consent, to be determined on the law and the facts. There was no stipulation as to the latter, but the court was called upon, in lieu of a jury, to pass upon the weight of the evidence, comprehending testimony of witnesses, deeds, maps and other muniments of title. A *postea* was signed containing a finding of facts, determination and rule for judgment. As it was against the plaintiff, he applied, in due season, for a rule to show cause why a new trial should not be granted on the ground that the court's finding was contrary to the weight of the evidence. It was allowed and made returnable before the Supreme Court, with the hearing before me as trial judge, under the new statute. On reflection, I incline to the view that since I passed upon the weight of the evidence at the conclusion of the trial, to again consider the question under the present rule would not be within the purview of the act. In other words, it would

seem that where the trial judge hears a Supreme Court issue at the Circuit without a jury and decides it on the law and the facts, which necessarily requires him to pass upon the weight of the evidence, ordinarily the function of the jury, the rule to show cause allowed should be heard by the court *in banc* and not by the trial judge.

It is accordingly suggested that counsel for plaintiff apply to the court to amend the present rule to show cause to the end that it may be heard and considered by it, instead of by the trial judge. The inherent power of the court to do so has not been changed by the recent act.